CILENTI & COOPER, PLLC
Giustino (Justin) Cilenti (GC2321)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------X
EUGENIO GALVEZ,                             :     Case No.
                                            :
                Plaintiff,                  :     FLSA COMPLAINT
                                            :
        -against-                           :
                                            :
MOON LIQUORS, INC. d/b/a RIVER              :     **Jury Trial Demanded**
ROAD WINE, SOOWAN KIM, and                  :
MARK KING,                                  :
                                            :
                Defendants.                 :
-------------------------------------------------------X

Plaintiff EUGENIO GALVEZ ("Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants MOON LIQUORS, INC. d/b/a RIVER ROAD WINE ("MOON LIQUORS" or the "Liquor Store"), SOOWAN KIM, and MARK KING (the "Individual Defendants") (MOON LIQUORS and the Individual Defendants are collectively referred to as the "Defendants"), and states as follows:

## INTRODUCTION

1.      This is an action brought by Plaintiff alleging violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the New Jersey Wage and Hour Law and Regulations ("NJWHLR"), N.J.S.A. §§ 34:11-56a *et seq.*, arising from Defendants' failure to pay Plaintiff at the statutory overtime rate of time and one-half for all hours worked over forty (40) hours per workweek.

2. Upon information and belief, for more than three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHLR by engaging in an pattern and practice of failing to pay its employees, including Plaintiff, overtime compensation at the statutory rate of time and one-half for all hours worked above forty (40) hours in a workweek.

3. Plaintiff alleges that, pursuant to the FLSA, he is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

4. Plaintiff further alleges that, pursuant to the NJWHLR, he is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) pre-judgment and post-judgment interest, and (d) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

7. Plaintiff is a resident of Bronx County, New York.

8. Defendant, MOON LIQUORS, is a domestic business corporation organized under the laws of the State of New Jersey, with a principal place of business located at 6906 Bergenline Avenue, Guttenberg, New Jersey 07093.

9. Defendant, SOOWAN KIM (a/k/a "Billy") is the President and Chief Executive Officer of MOON LIQUORS and, as such, is a shareholder, owner, officer, director and managing agent of MOON LIQUORS who participates in the day-to-day operations of MOON LIQUORS and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NJWHLR, N.J.S.A. § 34:11-56a(1)(g), and is jointly and severally liable with MOON LIQUORS.

10. Defendant, MARK KING, is the Manager and Supervisor of MOON LIQUORS and, as such, is a managing agent of MOON LIQUORS who participates in the day-to-day operations of MOON LIQUORS and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NJWHLR, N.J.S.A. § 34:11-56a(1)(g), and is jointly and severally liable with MOON LIQUORS.

11. The Individual Defendants exercised control over the terms and conditions of Plaintiff's employment in that they had and continue to have the power and authority to: (i) hire and fire employees, (ii) determine rates and method of pay, (iii) determine work schedules and hours worked, (iv) supervise and control the work of employees, and (v) create and maintain employment records.

12. Upon information and belief, during each of the three (3) years relevant to the allegations herein, MOON LIQUORS was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) had and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on

goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

13. Defendants employed Plaintiff to work as a non-exempt receptionist, cashier, porter, stock person, and merchandise delivery person for Defendants' Liquor Store.

14. The work performed by Plaintiff was directly essential to the business operated by Defendants.

15. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and NJWHLR.

16. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

17. The Individual Defendants are present at the Liquor Store every day and actively participate in the day-to-day operation of the Liquor Store. For instance, the Individual Defendants are not only considered the bosses, they hire and fire employees, supervise and direct the work of the employees, instruct all employees how to perform their jobs, and correct the employees for any errors made.

18. The Individual Defendants create and approve all crucial business policy. This includes, among other things, decisions concerning the number of hours the employees are required to work, and the amount and method by which the employees are paid.

19. In or about 2009, Defendants hired Plaintiff to work as a non-exempt receptionist, cashier, porter, stock person, and merchandise deliver worker for Defendants' Liquor Store.

20. Plaintiff worked continuously for Defendants in those capacities until on or about September 5, 2018.

21. Plaintiff worked over forty (40) hours per week.

22. Throughout the entirety of his employment, Plaintiff was not paid proper overtime compensation. Throughout the entire relevant three (3) year limitations period beginning in October 2015 and through the remainder of his employment on or about September 5, 2018, Plaintiff worked six (6) days per week, and his work shift consisted of twelve (12) hours per day twice per week from 9:30 a.m. until 9:30 p.m.; fourteen and one-half (14½) hours per day twice per week from 9:30 a.m. until 12:00 a.m.; and fourteen (14) hours per day on Friday and Saturday from 10:00 a.m. until 2:00 a.m.

23. During the last three (3) weeks of December each year, Plaintiff worked seven (7) days per week, and his work shift consisted of eighteen (18) hours per day from 8:00 a.m. until 2:00 a.m.

24. Plaintiff was not required to punch a time clock or other time-recording device at the beginning or end of his daily work shift.

25. From the beginning of the relevant three (3) year limitations period beginning in October 2015 and continuing through in or about December 2015, Plaintiff was paid – partly in cash and the rest by check, at the rate of $825 per week straight time for all hours worked, and worked eighty-one (81) hours per week (and sometimes more). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

26. Beginning in or about January 2016 and continuing through the remainder of his employment on or about September 5, 2018, Plaintiff was paid – partly in cash and the rest by check, at the rate of $1,085 per week straight time for all hours worked, and worked eighty-one

(81) hours per week (and sometimes more). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

27. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff either the FLSA overtime rate (of time and one-half), or the New Jersey State overtime rate (of time and one-half), in direct violation of the FLSA and NJWHLR.

28. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

29. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "28" of this Complaint as if fully set forth herein.

30. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

31. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

32. At least within each of the three (3) years relevant to the allegations herein, MOON LIQUORS had gross revenues in excess of $500,000.

33. Plaintiff was entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

34. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

35. Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 207(a)(1) and 215(a).

36. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff.

37. Defendants have failed to make, record, report, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

38. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

39. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

40. Due to Defendants' intentional, willful and unlawful acts, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime compensation, plus an equal amount as liquidated damages, and prejudgment interest thereon.

41. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New Jersey Wage and Hour Law]

42. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "41" of this Complaint as if fully set forth herein.

43. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a(1)(g).

44. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than time and one-half for all hours worked in excess of forty (40) hours in a workweek in violation of N.J.S.A. § 34:11-56a4.

45. Defendants knew of and/or showed a willful disregard for the provisions of the NJWHLR as evidenced by their failure to pay Plaintiff his lawful overtime compensation for all hours worked when they knew or should have known such was due.

46. Defendants' actions were willful and not in good faith within the meaning of N.J.S.A. §§ 34:11-56a25.2.

47. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of N.J.S.A. § 34:11-56a20, N.J.A.C. §§ 12:56-4.1, 12:56-4.2.

48. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the N.J.A.C. § 12:56-4.4.

49. Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of Defendants' acts.

50. Due to Defendants' NJWHLR violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to N.J.S.A. 34:11-56.8. Plaintiff is also entitled to liquidated damages pursuant to N.J.S.A. § 34:11-56.8.

## PRAYER FOR RELEIF

WHEREFORE, Plaintiff EUGENIO GALVEZ respectfully request that this Court grant the following relief:

(a) An award of unpaid overtime compensation due under the FLSA and New Jersey Wage and Hour Law;

(b) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(c) An award of prejudgment and post-judgment interest;

(d) An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and,

(e) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       October 2, 2018

                Respectfully submitted,

                CILENTI & COOPER, PLLC
                *Attorneys for Plaintiff*
                708 Third Avenue – 6th Floor
                New York, NY 10017
                T. (212) 209-3933
                F. (212) 209-7102

By: _____
       Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Eugenio Galvez__, am an employee currently or formerly employed by __River Road Wine.__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__9-18__, 2018